May it please the court, Jody Linker appearing on behalf of the appellant Luis Flores Miranda. I will reserve two minutes of my time for rebuttal. Let me just take a moment. I don't want to take your time, but I want to just let you know and let all of the members who are going to be – lawyers who are going to be arguing here today, you need to watch your time. I'll try to help you along, but ultimately you'll be responsible for your time. Understood. Thank you, Your Honor. Thank you. The district court erred when it ignored the considerable evidence showing that Mr. Miranda's prior conviction had been reduced to a misdemeanor by the time of his removal from the United States. The facts of this case are relatively straightforward. In 2007, Mr. Miranda was convicted of an assault conviction. It's at Penal Code Section 245A under the California Penal Code. That conviction is what's called a wobbler. It means it can be a felony conviction, a misdemeanor conviction, or a felony conviction that's later reduced to a misdemeanor conviction. The district court on his – on Mr. Miranda's illegal reentry conviction was tasked with determining the status of his prior conviction at the time of the removal. And that's what this court held in Salazar, Mojica. This court held that the district court looks at the status of the conviction at the time of the removal. To establish that, the government provided two documents. It provided a minute order of the assault conviction and a transcript of the plea colloquy from the assault conviction. Both of those documents were from 2007, from the time of the conviction. While there is no doubt that Mr. Miranda was originally convicted of a felony assault conviction, there were also numerous documents in his A file, rap sheets, and a 2011 report from the pretrial services office showing it was a misdemeanor. Where are the – where are those numerous documents? The numerous documents were not provided to the court. There's a declaration that I provided to the court asserting that those documents existed at the time. Why aren't they part of the record? There was no question about those documents. The government actually conceded as much at the sentencing hearing. At the plea colloquy as well as the sentencing, the government conceded that the documents in the A file, the rap sheet, and the pretrial services report from 2011 showed that this conviction was a misdemeanor conviction. And if the court looks at ER 40, which is my declaration, which was submitted to the court and uncontroverted by the government, it summarizes there was about an 11,000-page – 1,100-page, excuse me, A file, and all of the documents in that A file which referred to the conviction referred to it as a misdemeanor. Was your client's conviction actually converted? What the evidence shows is that, in fact, it must have been because all of these documents show that there was a misdemeanor conviction. Because you have to show that it was actually converted. I don't think the burdens on the government, I think the burden is on you. Do you agree that the burden is on you? Well, I think that there are interesting burdens here. I think that the burden is on the government to prove an enhancement. I think that the court is correct, and I think what Your Honor is getting at is there's a presumption that a Wobbler conviction is a felony, but we've rebutted that presumption with the rap sheet and the documents in the A file and the pretrial services report showing that it was a misdemeanor conviction. So as the government concedes in its brief, it had the burden to show, by clear and convincing evidence, that the conviction was a felony conviction at the time of the removal. What was the date of the rap sheet? There was no date on the rap sheet. Now, isn't that a problem? I don't have the transcript which appears to indicate that it was a felony. And there's no doubt that at the time of the transcript, Your Honor's correct, that it was a felony conviction. At the time of his plea and sentencing, it was a conviction. It was a felony conviction. But as this Court is well aware, a felony can be reduced to a misdemeanor. So the only way to harmonize all the documents is to actually conclude what happens all the time in state court, which is that it was reduced from a felony to a misdemeanor. In order to conclude that it was a felony at all times, there has to be an assumption, an unproven assumption, that all of these documents were in error and that an error occurs. And I don't think there's any doubt in it. Well, but you have a timing issue, too. I mean, aside from being able to – because it seems like the burden would shift you. Once we know that it was a felony, it's clear that it was a felony. I think you agree to that, that he pled guilty to felony. Then you have to show that it was converted to a misdemeanor before his next deportation. And you're arguing the date of his deportation was two years later, but he was deported like seven times in between. Wasn't he deported right after he got out of jail for the state offense? He was deported at that time in the A file. It indicates that he was not deported based on an aggravated felony or a felony conviction. So there's no indication in the A file that he was ever deported for an aggravated felony. And the rap sheet – to go to Judge Schroeder's question about the timing, the rap sheets in the A file I don't believe were dated, but the pretrial services report was created by the district court's pretrial services office in 2011. And that 2011 report showed that it was a misdemeanor conviction. And so while there is a presumption that it's a felony, that presumption has been rebutted, and the burden to prove the enhancement still lies with the government to prove that and to prove it by clear and convincing evidence. Well, let me ask you a couple of questions. One, did your client ever file a motion in state court to have it converted? There's no evidence in the record of that. And what I would say is – and it's – I think it will come up. It's the government's burden to show that. Why is it the government's burden to show that? Because this Court has held numerous times in Bonilla, Montenegro, and Valley, and Montalvo, and Jordan, and in numerous cases that it's the government's burden to prove an enhancement. Well, but Diaz-Argüeta states, absent evidence in the record that the state court converted Diaz-Argüeta's felony conviction into a misdemeanor conviction, the district court properly presumed the conviction remained a felony. There's just references in the A file that, according to people who saw it, this particular offense may have been referred to as a misdemeanor. But what we know is he pled to a felony. We don't really have any proof because there's no dates, apparently. We never received those documents. You can't tell me what date that the misdemeanor would have been converted to. And it seems like, and I want to make sure I understand your argument, that it would have to be shown that that conversion to a misdemeanor had to occur before his next deportation. I think you're arguing that his removal would have been in October of 2010. But in looking over at the file, it looks like there was one, seven removals between the time he was released from jail and October of 2010. So several responses to the court on that. First, I'll say that there are burdens of proof for a reason, and this court has held that the government has the burden to establish the enhancement. And that burden is based and rooted in the Due Process Clause of the Constitution. And so to shift the burden to the defendant once he's rebutted the presumption, I don't think it's called for under the Constitution. Second, with respect to Diaz-Arqueda, which Judge Noonan himself wrote, the reliance on that opinion was that there was no evidence in the record. Here there is actually substantial evidence in the record that was uncontroverted. And when you put a declaration before a court, that is evidence in the record, and the government agreed with that in the sentencing hearing and agreed that all of the A file documents showed that it was a misdemeanor and agreed that the rap cheat showed it was a misdemeanor and agreed that the pretrial services report showed that it was a misdemeanor. So it's not disputed that everything showed that it was a misdemeanor. And then it's on the government to go and get a, if it exists, a record from the court showing that it hadn't been reduced if that's the case. But all the evidence indicated that in 2007 it was felony and later it was reduced to a misdemeanor because there were so many documents showing it's a misdemeanor. So just to reserve my time, I will. Sure. May it please the Court. Good morning. My name is Lori Gray. I represent the United States. The district court did not plainly err in relying on the plea transcript and in the minute order from sentencing that showed that the defendant had suffered a prior felony conviction. And the defendant admits that today. Moreover, the record shows that that felony conviction remained so at the time of sentencing. As this Court wrote in United States v. Denton, relying on the Supreme Court decision in Ewing v. California, under California law, a Wobbler statute is presumptively a felony and remains a felony except when discretion is actually exercised to make the crime a misdemeanor. There has to be an affirmative act by the court. A rap sheet does not represent court action. And to be perfectly clear, that's all we're talking about here. Why not? Why not a rap sheet? A rap sheet is simply, it's why it's excluded under the hearsay rules. It's an interpretation by someone after the fact who doesn't have a duty to make it accurately, and that's what it is. And to clarify the record, these multiple documents were all based on the rap sheet. Defense counsel says, well, at sentencing, the government conceded there were these  What was said at sentencing, Your Honors, and this is an excerpt of record 6, is the government says it's unfortunate that in the A file and in pretrial there's references to the rap sheets. And in the rap sheets, the conviction is listed as a misdemeanor. The rap sheet is wrong. So the multiple documents are all based on the rap sheet, and that's all we have here. And the rap sheet is not State action. It does not rebut the presumption that this Court has recognized that once a felony, always a felony. No doubt if there had been State court action, defense counsel would have filed a certified copy of the minute orders. Indeed, at sentencing, the Court offered that option to defense counsel, and defense counsel said no thanks. The presumption has not been rebutted. Because of that, clear and convincing evidence proved, and the district court did not plainly err in relying on that clear and convincing evidence to enhance the defendant's sentence by 16 levels. The defendant also challenged that the sentence was substantively unreasonable. Didn't get to that in her first argument. If the Court has any questions with regard to that, I'm happy to answer them. Otherwise, I would submit on the brief and on the argument and ask that the Court affirm this conviction. Thank you. Thank you, Your Honor. I will respond to just three points. With respect to the plain error analysis, no one disputes that this issue was raised before the district court, that it was objected to in the district court. The only question was whether it was explicitly stated to the district court that the court needed to use a clear and convincing evidence standard versus a preponderant standard. We didn't state either way. The government now argues that the court used the correct clear and convincing evidence standard. So there is no plain error review. What this Court needs to look at is de novo whether the court correctly applied that clear and convincing evidence standard. And I submit that it did not. With respect to the rap sheet question, this Court held in Langer that a rap sheet can prove a prior conviction by a preponderance of the evidence. Langer so holds. And so that in and of itself rebuts the presumption. We can't just ignore the rap sheet. The rap sheet is there, and it's not just the rap sheet. While the government ---- But the district court actually made a finding that treated this as a question of fact as to what was the mistake. You are arguing that this is a question of law. May I? Yes. Thank you. What I'm arguing is that the district court is both a mixed question of law and fact. I think that the court was incorrect in ignoring the rap sheet, and I think that the district court looked at the wrong time frame. It didn't ignore it. It said it's the mistake. By looking at what the plea colloquy transcript was in 2007, the court found that it was an error that the later rap sheet. And so what I'm saying is that there's actually a more correct way to do it, which is to harmonize the documents, which shows that the conviction had been reduced from a felony to a misdemeanor, and that the government's unfairly shifting the burden because Langer by itself rebuts the presumption that it was a felony conviction. And then I'll just, in one last response, put the court again to my declaration at ER40, which shows that it wasn't just the rap sheets, that every single document in the A file that referred to this conviction referred to it as a misdemeanor conviction. Thank you. Thank you. Thank you both for your presentations today. The case is now submitted.
judges: Schroeder, Noonan, Murguia